IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 13 CR 774-3 |
| ) | Judge John J. Tharp |
| GREGORY CHESTER, *et al.*, ) | |
| (PARIS POE) ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT POE'S MOTION TO SUPPRESS POST-ARREST STATEMENT**

Defendant, **PARIS POE**, by his attorneys, **PATRICK W. BLEGEN** and **PAUL M. BRAYMAN**, pursuant to the Due Process and Self-Incrimination clauses of the Fifth Amendment to the Constitution of the United States, the principles enunciated by the Supreme Court in *Miranda v. Arizona*, 384 U.S. 436 (1966), *Edwards v. Arizona*, 451 U.S. 477 (1981), and their progeny, respectfully moves this Court for an order suppressing as evidence in this, and any other, criminal proceeding, certain statements purportedly made by Defendant Poe on May 13, 2009.

In support of this motion, Defendant, through counsel, shows to the Court the following:

1. Defendant is charged in three counts of a ten-count superseding indictment with racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) (Count One); murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1) (Count Two); and, obstruction of justice through murder, in violation of 18 U.S.C. § 1503(a) & (b)(1) (Count Six). If convicted, Defendant faces a potential punishment of life in prison.

2. One of the racketeering acts specified in the superseding indictment is a home invasion robbery, which occurred on March 25, 2009.

3. Mr. Poe was arrested in connection with this offense on May 13, 2009. As part of the discovery tendered to counsel, the government has provided a report detailing Mr. Poe's arrest, his detention at Area 2 Detective Division, and the subsequent statements he made to law enforcement officers. A copy of the Chicago Police Department Supplemental Report regarding this incident is available for the Court's review if requested.

4. According to reports, after Mr. Poe was arrested, "R/Det met with Poe and instructed him that his presence was necessary for a line-up regarding a home invasion incident. Immediately Poe became aggressive and argumentative, shouting "Nobody saw me do anything!, Call my lawyer!? [sic]". Law enforcement informed Mr. Poe that "his lawyer would be contacted, but that he would still have to participate in the lineup."

5. Subsequent to the lineup, law enforcement contacted Mr. Poe's attorney by telephone, who allegedly stated that his presence was not necessary at Area 2 and that Mr. Poe "knows what to do." While Mr. Poe was allegedly present with law enforcement during this telephone call, there is nothing in the report to suggest he was given the chance to consult with his attorney during the conversation.

6. Approximately five minutes later, law enforcement began to interrogate Mr. Poe about the March 25, 2009, home invasion for which he was then under arrest. The report states, "At 1835 hours Det. A Watson #20846 in the presence of Detective A. Kennedy #20205, read Paris Poe [h]is rights from the FOP book. Poe acknowledged his rights and agreed to speak with R/Dets." *Id*. Mr. Poe then proceeded to make a brief statement.

7. Mr. Poe believes that the government will attempt to introduce this statement into evidence at trial in this matter. It should be excluded from evidence for the reasons that follow.

### *Mr. Poe Unambiguously Requested Counsel*

8. The defendant's invocation of the right to counsel must be unambiguous. *Davis v. United States*, 512 U.S. 452, 459 (1994). The suspect must "articulate his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney." *Id*.

9. The Seventh Circuit has addressed the issue of whether a statement regarding counsel is to be considered an unambiguous request on a number of occasions. *See*, *e.g., United States v. Shabaz*, 579 F.3d 815, 819 (7th Cir. 2009); *United States v. Peters*, 435 F.3d 746, 752 (7th Cir. 2006); *United States v. Lee*, 413 F.3d 622 (7th Cir. 2005); *Lord v. Duckworth*, 29 F.3d 1216, 1219 (7th Cir. 1994).

10. In two of its most recent decisions regarding whether a request for counsel is unambiguous, *Shabaz* and *Lee*, the Seventh Circuit has referred to a group of statements which it believes represents unambiguous requests for counsel. *See*, *Shabaz*, 579 F.3d at 819; *Lee*, 413 F.3d at 626. Both *Shabaz* and *Lee* discuss the Seventh Circuit's 1994 decision in *Lord* and provide guidance regarding what sorts of statements will be considered unambiguous requests for counsel:

> In the *Lord* decision, however, this court mentioned several requests for counsel that it considered unequivocal: "I think I should call my lawyer?"; "I have to get a good lawyer, man. Can I make a phone call?"; "Can I talk to a lawyer? At this point, I think maybe you're looking at me as a suspect, and I should talk to a lawyer. Are you looking at me as a suspect?" *See Lord*, 29 F.3d at 1221 (quoting cases from Eleventh and Ninth Circuits regarding unambiguous invocation of the right to counsel). Lee's statement—"Can I have a lawyer?"—was similar to these statements recognized by this court as proper invocations of this right to an attorney.

*Lee*, 413 F.3d at 626.

11. The distinction between unambiguous statements described in *Lord* such as "I think I should call my lawyer," and ambiguous statements such as the one evaluated in *Shabaz*, "am I going to be able to get an attorney?" is that the latter does not clearly imply a present desire to consult with counsel. *Shabaz*, 579 F.3d at 819. Moreover, statements described as unambiguous in *Lord* are not merely indications of a potential desire to consult with counsel; they are statements reflecting an actual desire to consult with counsel. *Lee*, 413 F.3d at 626.

12. In the case before the Court, Mr. Poe's statement to law enforcement—"Call my attorney!"—clearly expressed a present desire to consult with counsel. Indeed, if the question, "I think I should call my lawyer?" *Lord*, 29 F.3d at 1221, qualifies as an unambiguous statement, then Mr. Poe's demand that police "[c]all [his] attorney!" certainly qualifies as such.

### *Mr. Poe Never Initiated Contact with Law Enforcement*

13. It is black letter law that once the right to counsel is invoked, all interrogation must immediately cease until an attorney is present. *James v. Arizona*, 469 US. 990, 992 (1984). The cessation of questioning must be scrupulously honored unless and until the accused: (1) initiates further discussion related to the investigation; and, (2) makes a knowing and intelligent waiver of the right to counsel. *Id*.

14. In *Edwards v. Arizona*, 451 U.S. 477 (1981), the Supreme Court held that:

> When an accused has invoked his right to have counsel present during custodial interrogation, a valid waiver of that right of counsel cannot be established by showing only that he responded to further police-initiated custodial interrogation even if he has been advised of his rights. We further hold that an accused [ ] having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police.

*Id*. at 484-85.

15. At no time after his demand that police "call [his] lawyer" did Mr. Poe initiate contact with law enforcement. Rather, law enforcement kept Mr. Poe under its thumb throughout the encounter. And while police allegedly contacted Mr. Poe's attorney, they never gave Mr. Poe an opportunity to consult with him or speak with him privately. Instead, they simply began their interrogation. As the Supreme Court has held, it is inconsistent with *Miranda* and its progeny for law enforcement to interrogate an accused who has clearly asserted his right to counsel—exactly what took place here. *Edwards*, 451 U.S. at 485. As such, Mr. Poe's eventual waiver was not valid.

16. In light of the above, the defense requests that the Court suppress as evidence in this or any other matter any and all statements made by Mr. Poe on May 13, 2009, subsequent to his invocation of the right to counsel.

17. Should the Court determine that matters outside of the statements reflected in police reports are necessary to resolve this motion, the defense requests an evidentiary hearing.

WHEREFORE, Defendant respectfully requests that the Court enter its order suppressing as evidence in this or any other criminal proceeding certain statements purportedly made by Defendant Poe on May 13, 2009, subsequent to the invocation of his right to counsel.

Respectfully submitted,

 s/ Patrick W. Blegen
**PATRICK W. BLEGEN**, One of the
Attorneys for Defendant Paris Poe.

**BLEGEN & GARVEY**
53 West Jackson Boulevard, Suite 1437
Chicago, Illinois 60604
(312) 957-0100