IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 13 CR 774-3 |
| ) | Judge John J. Tharp |
| GREGORY CHESTER, *et al.*, ) | |
| (PARIS POE) ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT POE'S MOTION TO SUPPRESS EVIDENCE
SEIZED DURING SEARCH OF JAIL CELL**

Defendant, **PARIS POE**, by his attorneys, **PATRICK W. BLEGEN** and **PAUL M. BRAYMAN**, pursuant to the Fourth and Fifth Amendments to the Constitution of the United States, Rules 2 and 12(b)(3), and 17 of the Federal Rules of Criminal Procedure, and this Court's inherent supervisory powers, respectfully moves this court to enter an order suppressing evidence recovered from a search of Defendant Poe's cell in the Kane County Adult Justice Center in October 2014 .

In support thereof, Defendant, through counsel, shows to the Court the following:

**I.        Introduction**

On September 26, 2013, Defendant Poe was charged in two counts of a five-count indictment with racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) (Count One); and, murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1) (Count Two).  On September 4, 2014, a ten count superseding indictment was returned, charging Defendant Poe with, in addition to the same two counts from the original indictment, an additional count of obstruction of justice through murder, in violation of 18 U.S.C. § 1503(a) & (b)(1) (Count Six).

On August 28, 2014, Task Force Officer William Brogan served a Grand Jury Subpoena (11 GJ 740) on the Kane County Sheriff's Office. The subpoena called for personal records, documents, photographs, images, and materials in the possession of Defendant Poe, who was then an inmate at the Kane County Adult Justice Center. Employees of the Kane County Sheriff's Department subsequently searched Defendant Poe's cell and seized materials. These materials were turned over to FBI Special Agent Alissa Ehr on September 3, 2014 – one day before the superseding indictment was returned. In late December 2014, copies of these materials were turned over to the defense (Bates: CPD_082814-000001-236). Defendant Poe now moves to suppress all evidence seized as a result of the search of his jail cell.

## II. The Search of Defendant's Cell Violated the Fourth Amendment and all Materials Recovered from that Search Should be Suppressed.

The Fourth Amendment of the United States Constitution provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend IV. A search conducted without a warrant issued on probable cause is "per se unreasonable ... subject only to a few specifically established and well-delineated exceptions." *United States v. Borostowski*, 775 F.3d 851, 864 (7th Cir. 2014) (internal quotation omitted). For the purposes of the Fourth Amendment, a "search" occurs when an "individual has a reasonable expectation of privacy in the area searched." *United States v. Kelly*, 772 F.3d 1072, 1083-1084, 2014 U.S. App. LEXIS 22409, *27 (7th Cir. 2014). "A reasonable expectation of privacy exists when the defendant manifested a subjective expectation of privacy and society recognizes that expectation to be reasonable." *United States v. Webster*, 775 F.3d 897, 903 (7th Cir. 2015).

In addition to the "reasonable expectation of privacy" standard, a Fourth Amendment violation may occur when a common-law trespass occurs. *See United States v. Rahman*, 805 F.3d 822, 836 (7th Cir. 2015) (suppressing evidence on common-law trespass theory and discussing *United States v. Jones*, 132 S. Ct. 945, 949 (2012)). "Under the common-law trespass theory, a violation occurs when government officials, without a warrant: (1) physically intrude (2) on a constitutionally protected area (3) for the purposes of obtaining information, and (4) an exception to the warrant requirement does not apply." *Rahman*, 805 F.3d at 831. Evidence unreasonably obtained should be barred at trial under the exclusionary rule, a judicially created remedy that "forbids the use of unlawfully obtained evidence at trial." *United States v. Gutierrez*, 760 F.3d 750, 754 (7th Cir. 2014).

Counsel recognize that, in a prison setting, inmates generally do not have an expectation of privacy with respect to searches that are motivated by institutional security concerns and that are performed by prison officials. *Hudson v. Palmer*, 468 U.S. 517, 527-28 (1984); *United States v. Huart*, 735 F.3d 972, 975 (7th Cir. 2013). However, it has also been held that prisoners may have reasonable expectations of privacy when the search has been performed or initiated by law enforcement officials and is unrelated to institutional security concerns. *See*, *United States v. Cohen*, 796 F.2d 20, 22-23 (2d Cir. 1986).

In *Cohen*, the Second Circuit reversed a district court's denial of a motion to suppress items recovered from the search of the defendant's jail cell. The Second Circuit found that the prosecutor asked the corrections officer to search the defendant's cell for documents with phone numbers of the defendant's accomplices in order to aid the prosecution of the defendant. *Id*. at 21. The Second Circuit found that, under such circumstances, the search of the defendant-inmate's prison cell was not immune from Fourth Amendment scrutiny. *See id*. at 24 ("An

individual's mere presence in a prison cell does not totally strip away every garment cloaking his Fourth Amendment rights, even though the covering that remains is but a small remnant.").[1]

Here, it is crystal clear that the search of Defendant Poe's cell was not motivated by any institutional concerns, but rather was a result of the government's ongoing effort to obtain evidence for its investigation and now prosecution of Defendant. The entire purpose of a subpoena is to assist the grand jury in procuring evidence relevant to its investigation of alleged violations of the law.

The Constitution does not abandon Defendant simply because he is a prisoner. *See Canedy v. Boardman*, 16 F.3d 183, 185-186 (7th Cir. 1994) ("But, though his rights may be diminished by the needs and exigencies of the institutional environment, a prisoner is not wholly stripped of constitutional protection when he is imprisoned for a crime. There is no iron curtain drawn between the Constitution and the prisons of this country."). Because the search of Defendant Poe's cell was plainly designed to collect evidence, under the guidance of *Cohen*, the Court should ultimately suppress any evidence recovered from the cell, and bar any testimony concerning that evidence.

### III. The Issuance of the Subpoena to the Kane County Sheriff's Department caused Violations of Defendant Poe's Fourth and Fifth Amendment Rights and all Material Collected as a result of the Subpoena should be Suppressed.

Rule 17 of the Federal Rules of Criminal Procedure governs the use of subpoenas, including grand jury subpoenas. Though grand jury subpoenas are "discussed as if they were the instrumentalities of the grand jury, they are in fact almost universally instrumentalities of the United States Attorney's office." *Application of Credit Information Corp. of New York*, 457 F. Supp. 969, 971 (S.D.N.Y. Oct. 4, 1978)(Ward, J.). Rule 17 gives the grand jury power to

---

[1] The Seventh Circuit has not expressly considered *Cohen* or its limited exception to *Hudson*.

subpoena witnesses for the production of "books, papers, documents, data, or other objects" within their possession, relevant to the grand jury's investigation. Fed. R. Crim. P. 17(c)(1). The check on this power is Rule 17(c)(2), which empowers courts to "quash or modify the subpoena," pursuant to a motion, "if compliance would be unreasonable." One reason compliance may be unreasonable is if the act of producing the documents at issue would violate the Fifth Amendment privilege against self-incrimination. *United States v. Doe*, 465 U.S. 605, 611 (1984).

It should go without saying that an individual can only move to quash a subpoena if he receives notice of that subpoena in time to object. In the context of a grand jury investigation, no one aside from the subpoenaed witness is likely to receive notice of the subpoena. Indeed, the Federal Rules require "subpoenas relating to grand-jury proceedings...be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury." Fed. R. Crim. P. 6(e)(6). Thus, practically speaking, an individual other than a subpoenaed witness will have great difficulty quashing a grand jury subpoena even if he has a valid privilege to assert because of the secrecy surrounding the proceedings.

This is what occurred here. Defendant Poe was not notified of the subpoena before employees of the Kane County Sheriff's Department seized items from his cell. Neither Defendant Poe nor counsel received a copy of the subpoena, and counsel did not receive notice of the general contents of the subpoena until after the search and seizure was complete.[2] Thus, Defendant Poe, through counsel, had no ability to move to quash the subpoena prior to its enforcement, even though the enforcement itself constituted testimonial self-incrimination. *See*,

---

[2] Defendant Poe called Attorney Brayman after employees with the Kane County Sheriff began searching his cell and seizing items. At that point, he was not told the search and seizure was pursuant to a subpoena. The same day, Attorney Wood called the Kane County Sheriff's office to ask why Defendant Poe's belongings were taken from his cell. She was told that the Sheriff's Office had received a subpoena, the details of which could not be disclosed. Counsel for the government later confirmed the subpoena was issued in connection with the grand jury investigation into this case.

*Doe*, 465 U.S. at 611 ("[E]nforcement of the subpoena would force the respondent to admit the existence of the records demanded, that the records are in his possession, and that they are authentic. These communications, if compelled by subpoena, would constitute testimonial self-incrimination.").

Complicating matters further was that the subpoena was directed to the wrong entity. The items sought by the subpoena—"*personal* records, documents, photographs, images, and materials"—were undoubtedly the property of Defendant Poe, and as the FBI 302 report states, *in the possession of Defendant Paris Poe.*" (CPD_082814-000001)(emphasis added). The fact that Defendant Poe was incarcerated in the Kane County Jail does not mean that his personal items became property of the Kane County Sheriff. *See*, *Caldwell v. Miller*, 790 F.2d 589, 508 (7th Cir. 1986) (recognizing inmates have a property interest in their possessions). Rather, the Sheriff *took* possession of those items when its employees conducted the search of his cell, which, for the reasons described above, was in violation of the Fourth Amendment.

The violations of Defendant Poe's Fourth and Fifth Amendment rights described above were easily foreseeable consequences of the government's decision to issue the subpoena to the Kane County Sheriff's Department rather than to Defendant Poe, through counsel. The government would have been aware that the Kane County Jail would collect the requested records by searching Mr. Poe's cell, and that Defendant Poe and his attorneys would have no opportunity to move to quash the subpoena on Fifth Amendment grounds prior to its enforcement. Essentially, the subpoena was an end run around Defendant Poe's constitutional rights. The government should have sought a search warrant, if grounds existed, and obtained the approval for a search from a neutral magistrate. *See*, *Boyd v. Clayton*, 2013 WL 64514 (7th Cir. 2009) (warrant obtained to search for and seize photographs from inmates cell).

6

Alternatively, the government should have issued the subpoena to Defendant Poe, through his counsel, thereby providing them an opportunity to lodge appropriate objections or assert appropriate privileges. To the extent the government seeks to admit evidence from the search of Defendant's cell at the Kane County Jail, any such evidence should be suppressed.

**IV. Conclusion**

WHEREFORE, for all of the foregoing reasons, Defendant Poe respectfully requests this Court suppress all evidence recovered as a result of the search of his Kane County Jail cell.

Respectfully submitted,

 s/ Patrick W. Blegen
**PATRICK W. BLEGEN**, One of the
Attorneys for Defendant Paris Poe.

**BLEGEN & GARVEY**
53 West Jackson Boulevard, Suite 1437
Chicago, Illinois 60604
(312) 957-0100