IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13 CR 774-3 |
| | ) | Judge John J. Tharp |
| GREGORY CHESTER, *et al.*, | ) | |
| (PARIS POE) | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT POE'S MOTION TO DISMISS COUNT ONE
OF THE SUPERSEDING INDICTMENT BASED ON DUPLICITY**

Defendant, **PARIS POE**, by and through his attorneys, **PATRICK W. BLEGEN** and **PAUL M. BRAYMAN** and also on behalf of codefendants **GREGORY CHESTER**, **ARNOLD COUNCIL, GABRIEL BUSH, STANLEY VAUGHN, WILLIAM FORD** and **DERRICK VAUGHN**, pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure, and the Due Process and Effective Assistance of Counsel provisions of the Fifth and Sixth Amendments to the Constitution of the United States, respectfully moves this Court to dismiss the superseding indictment in this case based on the duplicity of the charges contained in Count One.

    **I.**    <u>**Count One of the Superseding Indictment**</u>

On September 4, 2014, Defendant was charged in a multi-count superseding indictment with various violations of federal law. Count One of the superseding indictment alleges that Defendant was a member of a RICO conspiracy, and committed a series of acts in furtherance of the racketeering conspiracy. Specifically, the indictment alleges that, from 2004 until in or about 2013, in the

Northern District of Illinois, and elsewhere, Defendant conspired with named and unnamed individuals ("others") to conduct and participate in the conduct of the affairs of the so-called "Hobo enterprise" through a pattern of racketeering activity involving trafficking of controlled substances, robbery, attempted robbery and conspiracy to commit robbery, obstruction of justice, and murder and robbery under Illinois law. Count One, ¶6. All told, Count One alleges not fewer than sixteen specific violations of law, and contains several additional general allegations of violations of law which themselves can be committed in multiple ways.

## II.  Count One is Duplicitous and Must Be Dismissed

"'Duplicity' is the joining of two or more offenses in a single count." *United States v. Buchmeier*, 255 F.3d 415, 421 (7th Cir. 2001); *United States v. McKneely,* 69 F.3d 1067, 1072 (10th Cir.1995); *United States v. Berardi,* 675 F.2d 894, 897 (7th Cir.1982). The prohibition against duplicity is grounded in the requirements of Rule 8(a) which provides for a separate count for each offense. *Buchmeier*, 255 F.3d at 421.

The overall vice of duplicity is that the jury cannot in a general verdict render its finding on each offense, making it difficult to determine whether a conviction rests on only one of the offenses or both. *United States v. Marshall*, 75 F.3d 1097, 1111 (7th Cir. 1996). Adverse effects on a defendant may include improper notice of the charges against him, prejudice in the shaping of evidentiary rulings, in sentencing, in limiting review on appeal, in exposure to double jeopardy, and of course the danger that a conviction will result from a less than unanimous verdict

as to each separate offense. *Buchmeier*, 255 F.3d at 425; *United States v. Blandford,* 33 F.3d 685, 699 n. 17 (6th Cir.1994) (quoting *United States v. Duncan,* 850 F.2d 1104, 1108 n. 4 (6th Cir.1988)).

In the context of complex, composite statutory violations such as RICO and RICO conspiracy, courts have noted the dangers of duplicity are heightened. In *United States v. Pungitore,* 910 F.2d 1084, 1136 (3rd Cir.1990), for example, the Third Circuit held that three separate offenses allegedly constituting a single predicate act – murder, attempted murder, and conspiracy to murder – implicated serious duplicity concerns. In rejecting the government's argument that there was no duplicity because the RICO charge was an agreement to commit a single offense the Court noted that "[t]he fact that the appellants were specifically charged with racketeering, rather than with offenses involving murder, does not mean that the dangers associated with duplicitous pleading were not present in this case." *Id.* The Third Circuit was concerned that "[h]ad the jury returned only a general verdict as to the RICO predicates, we might have difficulty ascertaining the basis for the jury's findings as to individual predicates, and there might be a real question regarding the unanimity of the verdict." *Id.* The Third Circuit went on to conclude, however, that the district court in *Pungitore* solved the duplicity problem because the jury, in response to the court's special interrogatories, specified which theory of liability for the murder it relied upon to find the defendant guilty of the predicate racketeering act and thus the error was harmless. *Id.*

3

The Seventh Circuit has cited this language in *Pungitore* favorably and has noted the dangers as well in an indictment which is duplicitous and presents to the jury too many options or available theories to convict in a single predicate act. *United States v. Marshall*, 75 F.3d 1097, 1112 (7th Cir. 1996). In *Marshall*, the defendant was charged with racketeering, and one of the alleged predicate acts was charged as bribery in violation of Illinois law *and* as extortion in violation of federal law. *Id*. The court found the distinction between the two offenses to be "subtle at best" and raised the concern that the jury might not be unanimous as to the theory upon which its finding of guilt might rely. Viewing the resulting verdicts on a sufficiency of the evidence basis, however, the court noted that it could not reverse because the jury could have reasonably found either of the two offenses (bribery or extortion).

In this case, the jury will be presented with numerous options for convicting Defendant under Count One. For example, in Count One, the racketeering conspiracy is alleged to have involved, among other things, the illegal trafficking of controlled substances, robbery, attempted robbery and conspiracy to commit robbery, obstruction of justice, and murder. Defendant is specifically alleged in Count One to have murdered Wilbert Moore and Keith Daniels, attempted to murder Victim 1, and robbed Victims 1, 6 and 7. Count One, ¶8(r)(i) & (vii), (s)(i), (u)(i) & (iii).

Yet paragraph 6 sets forth multiple separate legal theories of liability under which the murders, obstruction of justice and robberies may have been committed,

4

including, both federal and state law theories of accountability, conspiracy, and attempt to commit murder, as well as substantive acts of first degree and second degree murder, robbery and obstruction of justice.

The substantive murder allegations themselves may, by statute, be premised on several different theories: intent to do great bodily harm, knowledge that the acts created a strong probability of great bodily harm, and commission of the offense in the process of committing a forcible felony. *See generally,* 720 ILCS 5/9-1(a)(1), (2), and (3). Thus, as charged, the defendant could be found to have committed the alleged murders of Moore or Daniels upon a finding that he engaged in one of many potential violations of law – all charged within a single act allegedly in furtherance of the conspiracy. All of these separate violations of law are factually and legally linked, and all depend upon the same evidence derived from the same witnesses. *See*, *Marshall*, 75 F.3d at 1112 (the closeness of the legal theories and evidence provides greater likelihood of confusion and lack of unanimity).

Count One is duplicitous. First, it charges multiple state and federal offenses in a single count, and even in a single act in furtherance of the charged conspiracy. Second, it affords no basis for the defendant to plead prior or subsequent jeopardy. What would a jury finding of not guilty on Count One mean? That the jury had necessarily determined that Defendant was not involved in the illegal drug trafficking, the robberies of Victims 1, 6 or 7, the attempted murder of Victim 1, or the murder of Moore or Daniels? Would it mean that Defendant was not guilty of one of the three theories of murder of Moore or Daniels? Simply put, because of its

duplicitous nature, it is impossible to judge the preclusive effect of the jury's findings on Count One.

Third, and perhaps most troubling, Count One of the superseding indictment provides no basis for the jury to reach unanimous determinations on what exactly the defendant did or did not do. To convict Defendant of this count, the government will have to prove that defendant agreed to participate directly or indirectly in the affairs of the enterprise through the commission by members of the enterprise of two or more predicate crimes. *United States v. Stephens*, 46 F.3d 587, 592 (7th Cir. 1995). But as noted above, the multiple variations of legal theories, even within individual racketeering acts, will not ensure any juror unanimity with respect to what exactly Defendant agreed would be done. *See, Richardson v. United States*, 526 U.S. 813, 819 (1999) (omitting requirement of unanimity among various predicate acts impermissibly permitted the jury to avoid discussion of the specific factual details of each violation, thus (1) potentially covering-up "wide disagreement among the jurors about just what the defendant did or did not do" and (2) causing the jurors to not focus upon specific factual details and "simply concluding from testimony, say of bad reputation that where there is smoke there must be fire.").

This defect is especially harmful in this case where, depending on special verdict findings, Defendant faces a sentence of up to life imprisonment for the violation of Count One. Not just any violation of Count One will suffice to comport with the requirements of the constitution and the statutory penalties provided in Count One, however. The government will have to convince the jury beyond a

6

reasonable doubt that Defendant engaged in the murder of Moore or Daniels, that he caused the death, before he could be sentenced to life imprisonment. Yet the duplicity of Count One obscures the very findings that the jury must unanimously make because, as presently constituted and charged, the jury could find Defendant guilty of participating in the racketeering conspiracy but not find that Defendant engaged in a murder or caused the death of Moore or Daniels, say, for example, by concluding that he was involved in robbery or drug trafficking, both of which are general allegations of the conspiracy. In that way a finding that he had engaged in conspiracy, would both: (1) obscure the lack of unanimity among the jurors as to what Defendant did (perhaps half believed he robbed and half believed he engaged in drug trafficking); but also, (2) cause the jurors to fail to even consider whether or not Defendant engaged in the very conduct which would yield a maximum sentence of life (first degree murder). The Constitution forbids a jury to convict while disagreeing about the criminal conduct in which a defendant allegedly engaged. *E.g.*, *Schad v. Arizona*, 501 U.S. 624, 632-33 (1991)(plurality opinion); *Id.* at 651 (Scalia, J., concurring)("We would not permit . . . an indictment charging that the defendant assaulted either X on Tuesday, or Y on Wednesday...").

### III. Count One Must Be Dismissed

Confronted with a duplicitous count, this Court has the power to dismiss the charge as a remedy for the Rule 8(a) violation. *United States v. Schlei*, 122 F.3d 944, 980 (11th Cir. 1997) (failure to strike duplicitous securities indictment prejudicial to defendant because of risk of non-unanimous verdict); *United States v.*

7

*Gordon*, 844 F.2d 1397, 1401-02 (9th Cir 1988) (failure to dismiss duplicitous indictment was reversible error because duplicity risked conviction by a non-unanimous jury); *United States v. Bowline*, 593 F.2d 944, 947-48 (10th Cir. 1979) (prejudice to defendant arose because of admission of evidence which would not have been admissible if duplicitous indictment had been dismissed). Thus, Count One must be dismissed.

        Respectfully submitted,

        <u>s/Patrick W. Blegen</u>
        **PATRICK W. BLEGEN**, One of the
        attorneys for Defendant, Paris Poe.

**PATRICK W. BLEGEN**
53 West Jackson Boulevard, Suite 1437
Chicago, Illinois 60604
(312) 957-0100

8